UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GILBERT W. MOORE,

      Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 3:18-cv-184

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 18), Plaintiff's reply (doc. 19), the administrative record (doc. 7),[2] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of December 9, 2014. PageID 63. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, a

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

lumbar spine strain, degenerative disease of the right knee, a depressive/schizoaffective disorder, and an anxiety disorder. PageID 67.

After an initial denial of his application, Plaintiff received a hearing before ALJ Gregory G. Kenyon on March 8, 2017. PageID 90-129. The ALJ issued a written decision on August 18, 2017 finding Plaintiff not disabled. PageID 63-78. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 71-78.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 48-50. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.    Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 63-78), Plaintiff's Statement of Errors (doc. 13), the Commissioner's memorandum in opposition (doc. 18), and Plaintiff's reply (doc. 19). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

**II.**

**A.    Standard of Review**

---

[3] Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). An individual who can perform medium work is presumed also able to perform light and sedentary work. *Id*. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.     "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's

3

review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

**III.**

In his Statement of Errors, Plaintiff argues that the ALJ erred in (1) weighing the medical source opinions; and (2) assessing the medical evidence of record. Doc. 13 at PageID 889. As explained more fully herein, the undersigned agrees with Plaintiff's alleged errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

Here, treating physician, Ugo Nwokoro, M.D., diagnosed Plaintiff with lumbar spondylosis with myelopathy, back spasms, and a schizoaffective disorder, and further labeled his health status as "deteriorating." PageID 865-67. Dr. Nwokoro opined that, due to these impairments, Plaintiff could stand for three total hours and twenty minutes at a time; could sit for four to five hours total and thirty minutes at a time; could lift five pounds; was extremely limited in repetitive foot motions; and was moderately limited in bending. PageID 166. Dr. Nwokoro explained that his conclusions were based on "physical exam[inations], consultative reports, and imaging reports." *Id.* Though the ALJ did not specifically afford Dr. Nwokoro's opinion a certain weight, he did conclude that "his conclusions are unsupported by [his] examination findings and the imaging studies [Dr. Nwokoro] alleges were reviewed in this document." PageID 72. The undersigned finds multiple errors in the ALJ's assessment.

First, despite acknowledging that the controlling weight test applied to Dr. Nwokoro's treating opinion, the ALJ failed to properly apply it. *Id.* Rather, the ALJ began his analysis by determining whether Dr. Nwokoro's treatment notes were consistent with his opinion, a consideration under the "consistency" factor set forth in 20 C.F.R. § 404.1527(c)(4), which is not part of the controlling weight analysis. *Lutz v. Comm'r of Soc. Sec.*, No. 3:16-CV-210, 2017 WL 3140878, at *3 (S.D. Ohio July 25, 2017), *report and recommendation adopted*, No. 3:16-CV-210, 2017 WL 3432725 (S.D. Ohio Aug. 9, 2017); *Dunham v. Comm'r of Soc. Sec.*, No. 3:16-CV-414, 2017 WL 4769010, at *4 (S.D. Ohio Oct. 20, 2017), *report and recommendation adopted sub nom. Dunham v. Berryhill*, No. 3:16-CV-414, 2018 WL 502715 (S.D. Ohio Jan. 22, 2018); *Caraway v. Comm'r of Soc. Sec.*, No. 3:16-CV-138, 2017 WL 3224665, at *4 (S.D. Ohio July 31, 2017), *report and recommendation adopted sub nom. Caraway v. Berryhill*, No. 3:16-CV-138, 2017 WL 3581097 (S.D. Ohio Aug. 17, 2017); *Hall v. Comm'r of Soc. Sec.*, No. 3:17-CV-345, 2018 WL 3386311, at *4 (S.D. Ohio July 12, 2018), *report and recommendation adopted*, No. 3:17-CV-345, 2018 WL 3636590 (S.D.

Ohio July 31, 2018); *Wolder v. Comm'r of Soc. Sec.*, No. 3:16-CV-00331, 2017 WL 2544087, at *4 (S.D. Ohio June 13, 2017), *report and recommendation adopted*, No. 3:16-CV-331, 2017 WL 2819882 (S.D. Ohio June 28, 2017); *Warren v. Comm'r of Soc. Sec.*, No. 3:16-CV-00099, 2017 WL 480405, at *4 (S.D. Ohio Feb. 6, 2017), *report and recommendation adopted*, No. 3:16-CV-99, 2017 WL 1019508 (S.D. Ohio Mar. 14, 2017); *Klein v. Comm'r of Soc. Sec.*, No. 3:14-CV-78, 2015 WL 4550786, at *6 (S.D. Ohio Mar. 24, 2015).

Instead, the § 404.1527(c) consistency factor is to be "applied after the ALJ decides to 'not give the treating source's medical opinion controlling weight.'" *Lutz*, No. 3:16-CV-210, 2017 WL 3140878, at *3; *see also* 20 C.F.R. § 404.1527(c)(2) (stating that the supportability factor in paragraph (c)(3) is applied when the ALJ does "not give the treating source's medical opinion controlling weight"); *see also Gayheart*, 710 F.3d at 376 (noting that these factors are "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight"). While failing to conduct a controlling weight analysis can constitute harmless error, *see Gayheart*, 710 F.3d at 380, such failure is not harmless in this case because the record reveals findings that support Dr. Nwokoro's opinion regarding Plaintiff's limitations.

Specifically, the record includes a CT scan taken on October 22, 2016, which demonstrated "multilevel degenerative changes of the spine…[with] degenerative change most pronounced at C3/4. C4/5, C5/6, and C6/7," as well as "moderate [] joint arthropathy in the left shoulder." PageID 680. Contemporaneous records from Plaintiff's physical therapist confirm "moderate to severe pain and tenderness throughout the thoracic and lumbar region"; a "moderate decrease in spinal and trunk mobility secondary to severe pain and muscle guarding"; and a "decrease in spinal and trunk muscle strength." PageID 790. Dr. Nwokoro's own treatment notes document "low back pain," "spasms," and "muscle twitching." PageID 701-15. Finally, Tanisha Richmond, D.P.M.

7

prescribed Plaintiff a cane.[5] PageID 880. Without any modifiers indicating that Plaintiff's spasms and back pain were mild, it is unclear why these treatment notes and imaging studies could not -- as the ALJ asserted -- support Dr. Nwokoro's opinion limiting Plaintiff to sedentary work.

Dr. Nwokoro's opinion is also supported by state agency examining physician Martti Kahkonen, M.D., who opined that Plaintiff is "not able to sit or stand for any period of time" and could not lift more than ten pounds. PageID 606-07. Dr. Kahkonen documented tenderness in Plaintiff's lumbar; an inability to heel/toe walk; decreased range of motion in his back and shoulder; and decreased strength in his shoulder. PageID 607-09.

Finally, the undersigned notes that the only other medical opinion of record was provided by the state agency's record reviewing physician, Esberdado Villanueva, M.D. Dr. Villanueva opined that Plaintiff suffered no physical impairments, and he placed no physical limitations on his ability to work. PageID 163-75. Because the ALJ found that Plaintiff presented sufficient evidence of physical impairments, he afforded Dr. Villanueva's opinion "little weight." PageID 73. "While the ALJ must consider all of the relevant evidence in determining a claimant's RFC, the RFC is ultimately a medical question that must find at least some support in the medical evidence of record." *Hale v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 785, 793 (S.D. Ohio 2017) (citing *Casey v. Astrue*, 503 F.3d 687, 697 (8th Cir. 2007)). Such is not the case, here, where the ALJ's conclusion -- that Plaintiff is capable of medium work -- is not supported by a single medical opinion of record. *Compare* PageID 163-75 (reviewing physician finding that Plaintiff can perform a full range of physical work) and PageID 166, 606-07 (treating and evaluating physician opining that Plaintiff can perform only sedentary work) *with* PageID 71 (ALJ concluding Plaintiff can perform medium work); *Hale*, 307 F. Supp. 3d at 793

---

[5] Although the ALJ found Plaintiff's cane was "not medically necessary," he does not have the medical acumen to doubt Plaintiff's podiatrist on the prescription of an ambulatory device. *See Simpson v. Comm'r. of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings").

("[A]bsent citation to any medical source's RFC opinion regarding Plaintiff's mental impairments, the undersigned finds the ALJ's RFC determination unsupported by substantial evidence").

The ALJ's errors were not harmless. The Vocation Expert ("VE") testified at the administrative hearing that if Plaintiff were able to lift only ten pounds -- as the treating and examining physicians opined -- he would be unable to perform the jobs the VE identified in response to the ALJ's hypotheticals. PageID 126-27. At Step Five, the ALJ must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (internal citation omitted). "This kind of 'substantial evidence may be produced through reliance on the testimony of a [VE] in response to a 'hypothetical' question, but only if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* Thus, in light of all the foregoing, the undersigned finds the ALJ's non-disability determination unsupported by substantial evidence.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date: 7/26/2019

s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge